UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHERINE BRANDT,

        Plaintiff,

    v.

THE FEDERAL RESERVE BANK OF SAN FRANCISCO,

        Defendant.

CASE NO. 2:25-cv-01811-JHC

**ORDER**

**I**

**INTRODUCTION**

This matter comes before the Court on Defendant The Federal Reserve Bank of San Francisco's Partial Motion to Dismiss the Amended Complaint. Dkt. # 21. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. Being fully advised, the Court GRANTS the motion, DISMISSES Plaintiff's outrage claim with prejudice, DISMISSES Plaintiff's False Claims Act (FCA) retaliation claim without prejudice, and GRANTS Plaintiff leave to amend her complaint with respect to the FCA retaliation claim.

ORDER

CASE NUMBER 2:25-CV-01811-JHC - 1

## II

### DISCUSSION

A.    Procedural Standards

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). If a complaint lacks a "cognizable legal theory" or "sufficient facts alleged to support a cognizable legal theory[,]" a court should dismiss the complaint for failure to state a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

B.    Fifth Cause of Action – Outrage

The "dismiss at pleasure" language of the Federal Reserve Act preempts Plaintiff's outrage claim. *See Morris v. Fed. Rsrv. Bank of San Francisco*, 2010 WL 476714, at *3 (N.D. Cal. Feb. 3, 2010) (same language preempted plaintiff's outrage claim); *Diniz v. Fed. Rsrv. Bank of San Francisco*, 2004 WL 2043127, at *1–2 (N.D. Cal. Sept. 13, 2004) (same language preempted state-law claims); *cf. Kroske v. US Bank Corp.*, 432 F.3d 976, 985 (9th Cir. 2005); *Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1582 (9th Cir. 1996); *Bollow v. Fed.*

ORDER

CASE NUMBER 2:25-CV-01811-JHC - 2

*Rsrv. Bank of San Francisco*, 650 F.2d 1093, 1097–98 (9th Cir. 1981); *Lambright v. Fed. Home Loan Bank of San Francisco*, 2007 WL 4259552, at *3 (N.D. Cal. Dec. 3, 2007). Given this preemption, any amendment of the outrage claim would be futile. Thus, the Court dismisses Plaintiff's outrage claim with prejudice.

C.     Sixth Cause of Action – FCA Retaliation Claim

Plaintiff's Amended Complaint does not state an FCA retaliation claim because it does not allege protected conduct under the statute. Specifically, it does not allege any protected activity relating to misuse of federal government funds. *See Halley v. Sw. Ohio Reg'l Transit Auth.*, 376 F. Supp. 3d 1047, 793, 799 (S.D. Ohio 2019); *McCrary v. Knox Cnty., Ind.*, 200 F. Supp. 3d 782, 791-92 (S.D. Ind. 2016); *see also Hoyte v. Am. Nat. Red Cross*, 518 F.3d 61, 68 (D.C. Cir. 2008); *Nichols v. Baylor Rsch. Inst.*, 418 F. Supp. 3d 143, 149–50 (N.D. Tex. 2019); *Neighorn v. Quest Health Care*, 870 F. Supp. 2d 1069, 1100-01 (D. Or. 2012). Because Plaintiff could theoretically cure this deficiency, the Court dismisses the retaliation claim without prejudice.

D.     Leave to Amend

Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. Fed R. Civ. P. 15(a); *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has even said that Rule 15(a) should be applied with "extreme liberality[,]" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam), and that leave to amend "should be granted more liberally to pro se plaintiffs." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004). Defendant does not appear to oppose

ORDER

CASE NUMBER 2:25-CV-01811-JHC - 3

Plaintiff's request in the alternative for leave to amend. Thus, the Court grants the request as to Plaintiff's sixth cause of action—the FCA retaliation claim.

**IV**

**CONCLUSION**

For the reasons above, the Court GRANTS Defendant's Motion (Dkt. # 21), DISMISSES Plaintiff's outrage claim with prejudice, DISMISSES Plaintiff's FCA retaliation claim without prejudice, and GRANTS Plaintiff leave to amend her complaint, if she wishes, with respect to the FCA retaliation claim. Plaintiff may file her second amended complaint on or before May 19, 2026.

DATED this 5th day of May, 2026.

_____
John H. Chun
United States District Judge

ORDER

CASE NUMBER 2:25-CV-01811-JHC - 4