UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHERINE BRANDT, | CASE NO. 2:25-cv-01811-JHC |
| Plaintiff, | ORDER |
| v. | |
| THE FEDERAL RESERVE BANK OF SAN FRANCISCO, | |
| Defendant. | |

# I

## INTRODUCTION

This matter comes before the Court on Plaintiff's Opposed Motion for Entry of Protective and ESI Orders.  Dkt. # 30.  The Court has considered the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law.  Being fully advised, for the reasons below, the Court GRANTS Plaintiff's motion in part and DENIES it in part.

# II

## BACKGROUND

Plaintiff brings several employment and whistleblower claims against Defendant, her former employer.  *See generally* Dkt. # 1.  Despite conferring on February 2, 2026, and

ORDER - 1

exchanging drafts through March, the parties have failed to agree on terms for a protective order (PO) and an order concerning electronically stored information (ESI).  Dkt. # 30 at 4.  They now seek entry of their proposed versions of those orders.  *See* Dkt. # 30 (Plaintiff's motion and proposed PO and ESI order); Dkt. # 32 (Defendant's response, including proposed PO and ESI order).

### III

#### DISCUSSION

In this District, litigants "are encouraged to use" the model PO and model ESI protocol. *See* LCR 26(c)(2).  Under Federal Rule of Civil Procedure 26(c), the Court has broad latitude to grant protective orders and manage discovery disputes, extending to the entry of POs and ESI Protocols.  *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002); *see also Crosby v. Amazon.com, Inc.*, 2022 WL 522953, at *1 (W.D. Wash. Feb. 22, 2022) ("[b]ecause the parties are unable to come to an agreement regarding all terms contained within an ESI discovery agreement, the Court will, in its discretion, assist the parties in doing so.").

A.      The Parties' Proposed Orders

Plaintiff's proposed PO differs from the model order in mandating the use of a privilege log.  *See* Dkt. # 30-2 at 9 (§ 4.4).  She argues that additional privilege log requirements are necessary, since the ability of Defendant, who will do most of the document production in this case, to withhold information "without disclosing details of information withheld sufficient to enable an informed challenge . . . benefits Defendant and (in Plaintiff's opinion) prejudices Plaintiff."  Dkt. # 30 at 7.  Outside the expanded privilege log, she also seeks the following changes: (1) a provision obligating Defendant to obtain authorizations from the Board of Governors of the Federal Reserve System to release confidential information (Dkt. # 30-2 at 3–

ORDER - 2

4); (2) a prohibition of Defendant's in-house counsel from retaining copies of litigation documents after the litigation (*id.* at 12); and (3) six "miscellaneous" provisions (*id.* at 13).  *See* Dkt. # 30-2.  With respect to the ESI order, Plaintiff deletes the model's section on privilege, including the integrated Federal Rule of Evidence 502(d) provision permitting clawbacks for inadvertently produced ESI, and inserts a references to her proposed PO for provisions regarding privilege (which does contain an FRE 502(d) provision).  Dkt. # 30-4 at 9–10.  She also removes the proportionality element of the model's Section D, offering that ESI "should be afforded the broadest possibly definition."  *Id.* at 7.  Her proposed ESI order also appears to require Defendants to provide her a "detailed description" of information in custodial and non-custodial data sources within 30 days of the Court's entry of an ESI order.  Dkt. # 30-4 at 2.

Defendant, by contrast, proposes a PO and ESI order largely similar to the model PO and model ESI protocol used in this District, except that it foregoes the optional provision in the ESI protocol (Section C, paragraph 2, subsection c) regarding network design and access for "legitimate cybersecurity concerns."  Dkt. # 32 at 10.

B.      Protective Order

Plaintiff's proposed PO lacks justification.  The argument section of her motion cites no authority supporting her proposed changes to the model PO.  She seeks to expand the typical privilege log requirements, obligating the producing party to, for example, "describ[e] with specificity the information or documents being withheld (i.e., the title and description of the document, number of pages, the subject matter addressed in the document, [and] identity and position of its author(s)."  Dkt. # 30-2 at 9.  But Plaintiff offers no examples from other whistleblower or employment cases where courts ordered the use of such an expanded privilege log.  Nor does the Court otherwise see why an expanded privilege log is justified here.  She offers a generic reason for including one, which is that, since "production is anticipated to be

ORDER - 3

primarily by Defendant as Defendant has nearly all potentially relevant, responsive information within its access, possession, custody, or control," a privilege log is justified.  Dkt. # 30 at 6.  But this is true of most cases between individual plaintiffs and corporate defendants, and Plaintiff offers no other reason why such an expanded privilege log should be included here.  The Court also finds that the three other substantive changes to the model PO lack justification for the reasons presented by Defendant in its response.  *See* Dkt. # 32 at 7–8.  Thus, the Court orders the entry of Defendant's proposed PO.

C.      ESI Order

Plaintiff's proposed ESI order also lacks justification.  As with her proposed PO, she cites no authority justifying her proposed changes to the model ESI order.  The Court agrees with Defendant that Plaintiff's changes ignore the concept of proportionality required by Rule 26(b)(1), which entitles party to non-privileged, relevant discovery "proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  Plaintiff cites no authority justifying a departure from this standard, nor does she try to explain that departure.  And the Court agrees that her proposal obligating Defendant to provide a log of information in custodial and non-custodial data sources would lead to an unworkable and burdensome process.

On the other hand, Defendant has not explained its bare assertion that it possesses "legitimate cybersecurity concerns" regarding the optional provision in the model ESI protocol.  For the same reasons, the Court orders the parties to include that optional provision in their ESI order, in the absence of a showing by Defendant that such a provision is improper.  Thus, the Court orders the entry of Defendant's proposed ESI order, except that it will contain Section C, paragraph 2, subsection c of the model ESI protocol.

//

//

ORDER - 4

## IV

### CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

On or before May 27, 2026, the parties shall jointly submit in a stipulated motion:

- Defendant's proposal derived from the model PO; and

- Defendant's proposal derived from the model ESI order, except that it shall contain the language currently at Section C, paragraph 2, subsection c of the model ESI protocol.

Dated this 13th day of May, 2026.

John H. Chun
United States District Judge

ORDER - 5