UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHERINE BRANDT,

          Plaintiff,

    v.

THE FEDERAL RESERVE BANK OF SAN

FRANCISCO,

          Defendant.

CASE NO. 2:25-cv-01811-JHC

ORDER

      This matter comes before the Court on Plaintiff Katherine Brandt's Motion for Reconsideration of this Court's May 13, 2026 order (the May 13 Order) on the protective order and ESI protocol. Dkt. # 45 (motion); Dkt. # 35 (order). For the reasons below, the Court DENIES Plaintiff's motion.

      Plaintiff argues that the Court should reconsider its May 13 Order because of (1) "manifest error of fact and/or law due to Defendant's misrepresentations to the Court" and (2) "new evidence that could not have been brought to the Court's attention due to Defendant's actions." Plaintiff also says that the Court should reconsider the order "to prevent manifest injustice" and because there are "other highly unusual circumstances." Dkt. # 45.

ORDER - 1

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Accordingly, in this District, "[m]otions for reconsideration are disfavored." LCR 7(h). Courts in this District "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Here, Plaintiff has not shown any manifest error or other circumstances that justify the extraordinary remedy of reconsideration. Plaintiff argues that the motion should be reconsidered because Defendant "failed to disclose [its] own authority to control, label and/or 'identify' information as CSI in its sole discretion and on behalf of the [Federal Reserve's Board of Governors.]" Dkt. # 45 at 5. But even assuming, solely for the sake of argument, the truth of Plaintiff's allegation here, it does not follow that Plaintiff should be granted the protective order and ESI protocol she sought in her original motion. Moreover, it is not at all clear why a reconsideration of the May 13 Order would bear on this dispute regarding the production of confidential supervisory information belonging to the Federal Reserve. Thus, the Court DENIES Plaintiff's motion for reconsideration at Dkt. # 45.

IT IS SO ORDERED.

Dated this 1st day of June, 2026.

John H. Chun
United States District Judge

ORDER - 2