UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHERINE BRANDT,

Plaintiff,

v.

THE FEDERAL RESERVE BANK OF SAN FRANCISCO,

Defendant.

CASE NO. 2:25-cv-01811-JHC

ORDER

This matter comes before the Court on pro se Plaintiff Katherine Brandt's "Motion for Reconsideration of Order Approving Partial Motion to Dismiss" and "Request for Entry of Default Against Defendant The Federal Reserve Bank of San Francisco." Dkt. ## 36 & 55. For the reasons below, the Court DENIES both motions.

As for Plaintiff's Motion for Reconsideration (Dkt. # 36), reconsideration is an "extraordinary remedy" and is generally disfavored. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also* LCR 7(h)(1) ("Motions for reconsideration are disfavored."). District courts thus ordinarily deny motions for reconsideration "unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence." *Munoz v. Locke*,

ORDER - 1

2013 WL 12177035, at *2 (W.D. Wash. Feb. 8, 2013) (citing LCR 7(h)(1)). "'[M]anifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Id.* (quoting *Black's Law Dictionary* (9th ed. 2009)). "Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." *Id*.

Here, Plaintiff asks the Court to reconsider its dismissal of Count VI from the Amended Complaint—a FCA Whistleblower Retaliation claim—because: (1) the Court committed "manifest error of fact and law by misapplying outside district court opinions while overlooking or misunderstanding controlling 9th Circuit Appellate authority"; (2) Plaintiff has provided "new evidence that could not have previously been brought to the Court's attention"; and (3) reconsideration is necessary to "prevent manifest injustice." *See* Dkt. # 36 at 2. The Court disagrees.

As for the first reason, the Court dismissed Plaintiff's FCA Whistleblower Retaliation claim because the Amended Complaint "does not allege protected conduct under the statute. Specifically, it does not allege any protected activity relating to misuse of federal government funds." Dkt. # 34 at 3. This outcome is consistent with Ninth Circuit authority, including Plaintiff's cited case—*Mooney v. Fife*, 118 F.4th 1081 (9th Cir. 2024). As explained in *Mooney*, for Plaintiff to satisfy the "protected conduct" element of an FCA retaliation claim, she must show, among other things, that "a reasonable employee in the same or similar circumstances *might* believe, that the employer is *possibly* committing fraud against the government." 118 F.4th at 1092 (emphasis in original) (citation and internal quotation marks omitted). This is true regardless of whether she is proceeding under the first or second prong. *See id*. And although Plaintiff need not prove actual fraud to proceed with her claim under the second prong, she still

ORDER - 2

must plead facts suggesting that a reasonable employee might believe that a fraud *against the government* is occurring—for example, that there is a possible misuse of government funds. *See id.* As the Amended Complaint lacks such an allegation, Count VI fails to state a plausible claim for relief, and so the Court did not commit manifest error in dismissing it without prejudice.

Plaintiff's other reasons for reconsideration also fail. As for the second, Plaintiff contends that reconsideration is warranted because she "provides new evidence that could not have previously been brought to the Court's attention due to need for protective order[.]" Dkt. # 36 at 2; *see also id.* at 7. But Plaintiff's purported need for a protective order does not automatically create "facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence." *Munoz*, 2013 WL 12177035, at *2. It thus fails to create a valid basis for reconsideration. *See id.* Likewise, Plaintiff's unsupported statement that reconsideration is necessary to "prevent manifest injustice," *see* Dkt. # 36 at 2, 8, fails to provide a proper basis for reconsideration, especially where, as here, the claim was dismissed without prejudice and with leave to amend. *See* Dkt. # 34 at 4. The Court thus declines to reconsider its Order dismissing Count VI from the Amended Complaint.[1]

As for Plaintiff's Request for Entry of Default (Dkt. # 55), the Local Civil Rules provide that "in the case of a defaulting party who has entered an appearance, the moving party must give the defaulting party written notice of the requesting party's intention to move for the entry of default at least fourteen days prior to filing its motion *and must provide evidence that such notice has been given in the motion for entry of default*." LCR 55(a) (emphasis added). Here, Plaintiff

---

[1] The Court also acknowledges Defendant's request to "strike [Plaintiff's] Declaration and associated exhibits as irrelevant and never file them publicly on the docket." Dkt. # 46 at 12. But because these materials are relevant to Plaintiff's reconsideration motion, the Court will not strike them as irrelevant. It will, however, maintain such documents under seal, pending its resolution of Plaintiff's Motion to Seal at Dkt. # 41.

ORDER - 3

has provided no evidence that such notice was given to Defendant, *see generally* Dkt. # 55, and so the Court declines to enter default.[2]

Based on the above, the Court DENIES Plaintiff's Motion for Reconsideration (Dkt. # 36) and DENIES Plaintiff's Request for Entry of Default (Dkt. # 55).  It GRANTS Plaintiff's unopposed request for an extension of time to file an amended complaint and GRANTS Defendant additional time to file an answer, pursuant to the following schedule:

- Plaintiff shall have until June 22, 2026 to file a second amended complaint.

- Defendant shall file an answer to the operative complaint no later than July 13, 2026.

- The parties' deadline to submit a trial date, pursuant to Paragraph 4(B)(ii) of the parties' Joint Status Report and Discovery Plan (Dkt. # 23), shall be July 8, 2026.  All further discovery shall also be paused until one week after Defendant answers, moves, or otherwise responds to Plaintiff's operative complaint, in accordance with the timeframe set forth above.

The Court also reminds Plaintiff that although she is proceeding pro se, she is still bound by all applicable rules of procedure.  The Court thus DIRECTS Plaintiff to consult the applicable local and federal rules before any future filings, as repeated failure to follow such rules may result in adverse rulings.

Dated this 8th day of June, 2026.

John H. Chun
John H. Chun
United States District Judge

---

[2] The Court also notes that it does not look kindly upon Plaintiff's request to enter default against Defendant, in part based on her decision not to amend her complaint before May 19, 2026, given that it was made *after* she requested an extension of time to file an amended complaint—a request that was both acknowledged and unopposed by Defendant.  *See* Dkt. ## 36 at 8; 46 at 5 n.2.

ORDER - 4