UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHERINE BRANDT,

          Plaintiff,

    v.

THE FEDERAL RESERVE BANK OF SAN FRANCISCO,

          Defendant.

NO. 2:25-cv-01811-JHC

ORDER

This matter comes before the Court on Plaintiff's Motion to Seal (Dkt. # 41), Defendant's Motion to Establish a Filing Protocol (Dkt. # 54), and Plaintiff's Motion to Extend Time (Dkt. # 42). Having considered the parties' submissions, the relevant record, and the applicable law, the Court ORDERS as follows:

1. Plaintiff's Motion to Seal is GRANTED IN PART to the extent it seeks continued sealing of Exhibits 11–14. Exhibits 11–14 shall remain sealed.

2. Plaintiff's Motion to Seal is GRANTED IN PART to the extent it seeks to unseal Exhibits 15–17. Exhibits 15–17 shall be unsealed, pursuant to the redaction provisions set forth in Paragraph 5 of this Order.

ORDER - 1

3. Plaintiff's Motion to Seal is DENIED IN PART to the extent it seeks to unseal Plaintiff's Declaration in Support of Motion for Reconsideration (the Declaration) and Exhibits 1–9. The Declaration and Exhibits 1–9 shall remain sealed.

4. Plaintiff's Motion to Seal is DENIED IN PART to the extent it seeks continued sealing of Exhibits 10, 18, and 19. Exhibits 10, 18, and 19 shall be unsealed, pursuant to the redaction provisions set forth in Paragraph 5 of the Order.

5. The parties will meet and confer and submit to the Court any necessary proposed redactions to information that will be unsealed in connection with this filing within 16 days after entry of this Order. Such filing does not need to be joint, but it should be filed under seal until the Court approves and orders the redactions.

6. Defendant's Motion to Establish a Filing Protocol is GRANTED. This protocol is not designed to replace the parties' obligations under the Protective Order (Dkt. # 51) to seek approval from the Board of Governors of the Federal Reserve System to produce Confidential Supervisory Information ("CSI"), and the parties must continue to comply with their obligations under the Protective Order and the Local Civil Rules. The following protocol shall govern future filings to the Court that may disclose CSI or identify the supervised institution in connection with nonpublic supervisory activity:

   a. Public filings shall refer to the supervised institution, if at all, by a neutral moniker such as "the supervised institution" or "Bank."

   b. If other information within or attached to a public filing (such as public consent orders or other documentation) could nevertheless reasonably identify

ORDER - 2

the supervised institution, Federal Reserve supervisory activity concerning that institution, examination processes, supervisory assessments, enforcement recommendations, or internal supervisory materials, the filing party shall comply with the procedures set forth below.

    i.  The filing party shall meet and confer with the non-filing party under L.C.R. 5(g) and the Protective Order to consider whether targeted redactions can avoid disclosure of CSI.

    ii.  If either party contends that the proposed filing contains or reasonably could reveal CSI, then, after receiving approval from the Board if required to do so:

        1.  The filing party shall file the material under seal, with a public redacted version where practicable, certify that they met and conferred with the non-filing party prior to filing, and submit a motion or stipulated motion to seal those portions of the proposed filing that the non-filer contends contain or could reveal CSI;

        2.  The material shall remain under seal unless and until the Court orders otherwise.

c.  Any public filing subject to this protocol shall include a certification that, after reasonable review and any required meet-and-confer, the filing does not disclose or tend to disclose CSI and does not identify or present information with the tendency to identify the supervised institution.

ORDER - 3

    d.  If Plaintiff amends her Complaint using any information within the Declaration (Dkt. # 38) or the exhibits that Defendant is requesting remain under seal, or that otherwise could reasonably identify the supervised institution, Plaintiff must file the amended Complaint preliminarily under seal such that Defendant can review and, if necessary, propose redactions before the Complaint is filed publicly on the docket.  If the Complaint would reveal CSI that has not, in connection with the Declaration, already been filed with the Court, then Plaintiff is obligated to follow any required protocols to receive Board approval before filing such information under seal.

7.  Plaintiff's Motion to Extend Time is DENIED as moot.

DATED: June 17, 2026.

_____
John H. Chun
United States District Judge

ORDER - 4